**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **ROBERTO CESAR DULFO O'FARRILL,** | § § § | |
| **Petitioner,** | § § | |
| **v.** | § § | **CAUSE NO. EP-26-CV-1840-KC** |
| **TODD BLANCHE et al.,** | § § § | |
| **Respondents.** | § § | |

## ORDER

On this day, the Court considered Roberto Cesar Dulfo O'Farrill's Petition for a Writ of Habeas Corpus, ECF No. 1.  O'Farrill is detained at ERO El Paso Camp East Montana.  *Id.* ¶ 2. He argues that his detention is unlawful and asks the Court to order his release.  *Id.* ¶¶ 66–87.

O'Farrill, a Cuban citizen was ordered removed from the United States in 2020.  Pet. ¶ 1; Advisory 2, ECF No. 5.  In 2022, O'Farrill re-entered the United States and his removal order was re-instated.  Advisory 2.  He then attempted to re-open his immigration proceedings, but an immigration judge ("IJ") denied his motion.  *Id.*  O'Farrill appealed the denial of the motion to reopen to the Board of Immigration Appeals ("BIA"), but it does not appear that the BIA entered any stay of removal, and thus the removal order remains valid.  *Id.*  He has now been detained for over seven months, since December 15, 2025.  *Id.*

On July 23, 2026, the Court found that "[i]f these allegations are true, O'Farrill likely meets his burden of providing 'good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.'"  July 23, 2026, Order 3, ECF No. 6 (citing *Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001)).  Respondents had to "rebut this showing by

either demonstrating that O'Farrill's removal is likely in the reasonably foreseeable future or deporting him." *Id.*

Respondents then filed their Response, ECF No. 7, to which they attach the Declaration of Deportation Officer Ernie Marin ("Marin Decl."), ECF No. 7-1. Marin states that on May 11, 2026, Cuba denied O'Farrill for repatriation. *Id.* ¶ 13. And that O'Farrill refused to consent to his removal to Mexico on various occasions since February 2026. *Id.* ¶¶ 5–11, 14. O'Farrill, who is not a Mexican citizen, cannot be removed to Mexico without his consent. Respondents do not provide a timeline for removal but state they are awaiting an update on a potential "third country removal to a country other than Mexico." *Id.* ¶¶ 16–20.

In sum, Respondents have not shown any significant likelihood of removing O'Farrill to Cuba, Mexico, or any other country in the reasonably foreseeable future. O'Farrill has now been detained for over seven months. Respondents concede that he cannot be removed to Cuba or Mexico. *See generally* Marin Decl. Respondents do not provide an anticipated timeline for his removal, nor do they purport to have identified any other countries for removal. Because all ongoing removal efforts are vague and speculative, as Respondents cannot provide a timeline and have no concrete alternatives for O'Farrill's removal, and considering that he has now been detained for over seven months, Respondents have failed to carry their own burden of proving that his removal is significantly likely in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 689–90; *see, e.g.*, *Trejo v. Warden of ERO El Paso East Montana*, --- F. Supp. 3d ----, 2025 WL 2992187, at *5–6 (W.D. Tex. Oct. 24, 2025). Nevertheless, because Respondents aver that they continue to attempt to identify an alternative country, the Court gives them a final opportunity to do so.

2

Accordingly, the Petition is **GRANTED IN PART**.  *See id.*  The Court **ORDERS** that, **on or before August 14, 2026**, Respondents shall either lawfully **REMOVE** O'Farrill from the United States or **RELEASE** O'Farrill from custody under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, **on or before August 14, 2026**, Respondents shall **FILE** notice informing the Court whether O'Farrill has been removed from the country or released from custody in compliance with this Order.

**Barring exceptional circumstances, there will be no extensions of the August 14, 2026, deadlines**, unless they fall on a weekend or holiday, in which case, the deadlines are extended to the following business day.

**SO ORDERED**.

**SIGNED this 31st day of July, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

3